Booth, J.,
delivered the opinion of the court:
This is a suit for the recovery of attorney fees. Section 13 of the Indian appropriation act of March 3,1903 (32 Stat. L., 1010), provided:
“ That any one or more of the registers and receivers of the United States land offices in the State of Kansas upon whom was imposed the responsibility of making sale and disposal of the Osage ceded, Osage trust, and Osage diminished reserve land, in said State, under the treaty of September twenty-ninth, eighteen hundred and sixty-five, between the United States and the Osage Indians, and the acts of Congress for carrying said treaty into effect, may bring suit in the Court of Claims against the Osage Nation and the United States to determine the claim of the plaintiff or plaintiffs for commissions or compensation for the sale of said lands or any service or duty connected therewith. And the said court shall have jurisdiction to hear and determine said cause and to render judgment thereon on the merits; and the Attorney-General shall appear on behalf of the United States and the Osage Nation, and either party feeling aggrieved at the decision of the Court of Claims may appeal to the Supreme Court of the United States, and the final judgment in such case shall determine the rights of all such registers and receivers similarly situated. Said Osage Nation may also appear in said suit by an attorney employed with the *355 authority of said nation. The Court of Claims shall have full authority, by proper orders and process, to make parties to any such suit all persons whose presence in the litigation it may deem necessary or proper to the final determination of the matter in controversy.”
Subsequent to the passage of the above jurisdictional statute twenty-one claimants availed themselves of its terms, and twenty-one separate suits were filed in this court seeking to recover the amount of $288,195.86 as therein provided. On July 1, 1903, the Osage Nation engaged Lorenzo A. Bailey, the claimant herein, to represent them in the matter of said litigation, and later, on February 29, 1904, entered into a formal contract with said claimant respecting the services to be performed and the compensation to be paid. The clauses of said contract now in issue we set forth in full:
“ That the said Lorenzo A. Bailey be and he is hereby appointed and employed as the attorney for said Osage Nation to defend it in said suit of Watson Stewart, and in every suit which has been instituted under or by virtue of said statutory provision to final judgment, hereby giving and granting unto the said attorney full power and authority in the name and on behalf of said nation in said suit and in every such pending suit to appear and plead, and to sign, verify and file such pleadings and other papers as he shall deem proper and to take and prosecute an appeal or appeals if he in his discretion shall deem proper, and to do and perform all and every act and thing whatsoever requisite and necessary to be done in and about the premises as fully to all intents and purposes as said Indians or this committee or any other representative or representatives of said nation might or could do if personally present at the doing thereof, with full power of association and revocation, hereby ratifying all that the said attorney has heretofore done in and about said suit and all that he or his associate or associates may or shall lawfully do or cause to be done by virtue hereof. And the compensation of said attorney for all services heretofore rendered under said commission or to be rendered by him hereunder and by any and every associate to be designated by him hereunder, in writing, is hereby fixed at five thousand dollars, ($5,000) as a retainer fee, payable forthwith, immediately, and also a further sum as a contingent fee equal to five (5) per centum of the amount by which the sum of three hundred and fifty thousand dollars ($350,000) shall exceed the aggregate amount which said registers and receivers shall recover against the Osage Nation of Indians *356 in said suits; it being intended hereby that in case said recoveries amount in the aggregate to the sum of three hundred and fifty thousand dollars ($350,000) or more, then and in that event the said attorney shall have no contingent fee or other compensation excepting only his retainer of five thousand dollars ($5,000) aforesaid, but in case the aggregate amount of said recoveries be less than three hundred and fifty thousand dollars ($850,000) then and in that event the said contingent fee shall be five (5) per centum of the difference between said sum of three hundred and fifty thousand dollars ($350,000) and the aggregate amount of said recoveries, provided that if in said suits no amount shall be recovered against said nation, then and in that event the said contingent fee shall be seventeen thousand five hundred dollars ($17,500). The said compensation shall be payable and is hereby directed to be paid subject to the terms of this resolution, to said attorney or his assigns at the city of Washington aforesaid out of any moneys of said Osage Nation now or to be in the possession or under the control of the United States or any officer thereof or of any officer or person whomsoever. The said appointment and employment shall continue until said suit of Watson Stewart and all said pending suits shall be finally adjudicated and a final judgment of the Court of Claims not appealed from within the time prescribed by law for appeals therefrom shall be considered a final adjudication hereunder as well as a final judgment of the Supreme Court of the United States. In case prior to such final adjudication the said attorney shall die or become unable further to perform his duties under said employment and by reason thereof the services of another attorney shall be required to complete the performance of said duties then and in that event the court in which such final adjudication shall be had or the judges of said court may and are hereby authorized to apportion the amount of said contingent fee, if any, and to determine the proportionate part thereof earned by said Lorenzo A. Bailey and the same shall be paid to him, his personal representatives or assigns.”
Prior to the date of claimant’s employment as aforesaid, the case of Watson Stewart, being the first case filed under the jurisdictional act, was progressing towards a hearing. On July 29, 1903, the claimant entered his appearance as attorney for the defendants in said cause, and thereafter continued active and effective services for his clients throughout the entire litigation. On March 21,1904 (39 C. Cls. B.., 321), the case of Watson Stewart was decided adversely to the petitioner and judgment awarded in favor of the Osage *357 Nation. This case was thereafter appealed to the Supreme Court, where, on May 13, 1907, the judgment of this court was affirmed. The case of Watson Stewart was the only one of the twenty-one cases, originally instituted under the jurisdictional act, ever prepared for trial or tried; the remaining cases being identical in point were subsequently dismissed upon motion of defendants’ attorney.
The Indian appropriation act for 1907, approved June 21, 1906 (34 Stat. L., 366), provided as follows:
“ That the Secretary of the Interior is hereby authorized and directed to pay to Lorenzo A. Bailey six thousand one hundred and fifty-five dollars and twenty-two cents, out of any money in the Treasury of the United States belonging to the Osage Nation or tribe of Indians, for his retainer fee and his contingent fee in the Watson Stewart case, under his contract with said nation bearing date February twenty-ninth, nineteen hundred and four, and such further sum as the Court of Claims may hereafter determine to be a fair and reasonable fee to him under said contract.”
Claimant now seeks recovery for the entire amount of compensation provided for by the terms of his contract of employment, i. e., the sum of $17,500, less the amount of $1,155.22 previously paid him under the act of Congress {supra).
The act of June 21,1906, not only confers jurisdiction upon this court to determine the matters here in controversy but likewise enables the claimant to present a claim for professional services against the Osage Nation, which previous to its passage he was forestalled from doing. Claimant’s contract not having received the official sanction of the Secretary of the Interior, as provided by section 2103, Revised Statutes, was ultra vires. The right of recovery is restricted to the jurisdictional act. By its terms a stipulated sum was appropriated for services rendered in a given case, leaving to this court the question of additional compensation. While it is true reference is made to the existing contract, yet it is absurd to say that the Congress intended to limit this judicial inquiry to a mere matter of computation, and entail upon the court the solution of a simple problem of multiplication and subtraction. If the invalid contract was intended to be vali *358 dated, nothing remained but to appropriate a sufficient sum to discharge the liability incurred thereunder. The Congress clearly apprehended that substantial rights were involved in this controversy; one case was pending on appeal, twenty others were pending in this court. The Congress at the time of the enactment did not, and could not, know the final termination of this extensive litigation involving thousands of dollars.
The Congress was aware of the extent of service performed in the Watson Stewart case, but wholly without knowledge as to the amount of labor involved in the final disposition of the remaining cases, and by the very terms of the statute evinced its inability to determine just compensation for claimant’s entire services. The enactment of the act created no liability upon the part of the Indians; that is a subject of jurisdiction conferred upon the court. Whether a valid claim for services as an attorney exists, the amount of compensation to be awarded in the event the court determines liability, is the subject-matter of the statute, and one which this court is to determine acording to judicial procedure. The Congress, having plenary jurisdiction over the Indians and Indian affairs, provided by legislation that any professional services rendered by the claimant in the course of the litigation then pending against them should be justly and reasonably rewarded. (Lone Wolf v. Hitchcock, 187 U. S., 353.)
The extent of claimant’s claim is quite difficult to determine. The contract presented anticipated suits for the recovery of $350,000. The total amount claimed in suits filed .was about $62,000 less than this amount, while the sum of $17,500 is mentioned as a determined contingent fee in the event of no recovery whatever. It is not difficult to see that the compensation intended was predicated upon a percentage basis. The negotiations preceding the execution of the contract of employment indicated a probable liability — if any at all — for the sum mentioned in the contract. Employing the contract as evidence, it is apparent therefrom that claimant was willing to engage in the defense of all claims for a specified percentage of the amount saved to the defendants in addition to his retainer. The amount stated in the contract is quite fair and reasonable. The services of an attor *359 ney when viewed from the visible results of his labor may appear insignificant. The contents of motions, abstracts, and briefs frequently, if not generally, afford a poor criterion for adjusting his compensation. Results accomplished are far more potent, especially so when the matter in litigation is not only of some moment, but involved and doubtful. In this case but one suit was tried and determined; the labor expended in its prosecution inured to all the remaining ones; the same issue of law and fact prevailed in each instance. To have lost the first case would have lost them all. It is certainly evident that when an attorney engaged in the defense of numerous suits is conscious of the fact that all the remaining ones depend for adjudication upon his efforts in the test case, he will adjust himself to the added responsibilities of the occasion and exhaust every effort to accomplish a successful result in the determining case. The Indians must have known the situation; that they did know it is evinced by their willingness to pay in proportion to amounts saved.
Taking into consideration all the details of labor performed, the length of time involved, and the total amount saved to the Indians, not overlooking the most valuable assistance of the special attorney for the United States, we are of the opinion that the claimant herein is entitled to recover five per centum of the total amount sought to be recovered by the petitioners under the act of March 3, 1903, less all sums previously paid by the act of June 21, 1906.
Judgment will be awarded the claimant for $8,254.80.